**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JAMAHL CLARKE,**

                                 **Plaintiff,**                10-CV-00319(Sr)

v.

**OFFICER ANDERSON, et al.,**

                                 **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #17.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #12.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth

above. In support of his motion for appointment of counsel, plaintiff argues that he has been unable to find an attorney to represent him in this matter and that he lacks knowledge of how to prosecute this matter. This is insufficient to warrant appointment of counsel.

Plaintiff's complaint alleges that he was subjected to excessive force in retaliation for filing grievances and denied medical treatment during his incarceration at the Wyoming Correctional Facility. Dkt. #1. Plaintiff's complaint does not suggest that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself. To the contrary, a review of plaintiff's complaint reveals that plaintiff has more than capably articulated his legal theories to the Court.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #12), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. The Clerk of the Court is directed to provide plaintiff with a copy of the Guidelines for Pro Se Litigants in the Western District of New York to assist plaintiff with the prosecution of his complaint.

**SO ORDERED.**

DATED: Buffalo, New York
December 10, 2010

                                                s/ H. Kenneth Schroeder, Jr.
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**