UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMAHL CLARKE,

                        Plaintiff,

          -vs-                                              10-CV-319S

OFFICER ANDERSON,
SGT. JOHNSON,
ARTHUR WILSON, and
NURSE BARBARA SQUELCH

                        Defendants.

---

## **DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #22.

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for the alleged violation of his rights under the First and Eighth Amendments. Specifically, plaintiff seeks compensatory and punitive damages for alleged excessive force, retaliation, and deliberate indifference to his medical needs based upon allegations that he was beaten by defendants Anderson, Johnson, and Wilson in retaliation for the filing of grievances and that defendant Squelch ignored his resulting injuries. Dkt. #1. Currently pending before the court is the defendants' motion for summary judgment. Dkt. #32. For the following reasons, defendants' motion is granted in part.

# FACTUAL BACKGROUND[1]

In support of the motion, the defendants have each submitted a declaration with supporting exhibits. Defendant Michael Anderson stated that on February 7, 2009, he was on duty as a Corrections Officer ("CO") at the Wyoming Correctional Facility ("WCF"). Dkt. # 34, ¶ 1. At approximately 4:40 p.m., plaintiff was brought into the Special Housing Unit ("SHU"), after a verbal altercation with another inmate. During the course of a strip frisk, plaintiff became non-compliant with CO Anderson's direct orders. *Id.,* ¶ 6. Plaintiff's right hand was clenched in a fist and he refused to unclench the fist and place his hands flat at his sides. *Id.,* ¶¶ 7-9. Plaintiff then turned toward defendant CO Arthur Wilson "with clenched fists and in a fighting stance." *Id.,* ¶ 10. Defendants Anderson, Johnson, and Wilson attempted to restrain the plaintiff with body holds and restraint cuffs. *Id.,* ¶¶ 11-16. Their momentum drove all four men into a corner near the inmate clothing rack. *Id.,* ¶ 14. After plaintiff was restrained, he was escorted to his cell. *Id.,* ¶ 17.

Plaintiff was examined by defendant Nurse Squelch and photos were taken as a standard practice after the use of force. Dkt. # 34, ¶ 18. Defendant Anderson stated that no excessive or unjustified force was used against plaintiff. *Id.,* ¶ 20. The force used was "appropriate and necessary" to secure the inmate, prevent an assault, gain compliance with lawful orders, and maintain the safety and security of the facility. *Id.,* ¶ 21.

---

[1] This factual statement is taken from the defendants' declarations in support of the motion with exhibits (Dkt. ##33-36), and the plaintiff's declaration in opposition to the motion. Dkt. #41.

Defendants Wilson and Johnson submitted declarations that corroborate the version of events as stated by defendant Anderson. Dkt. ##33 & 35. The defendants deny that they kicked, beat with batons, choked, kneed, or punched plaintiff as he has alleged. Dkt. # 35, ¶ 12.

Defendant Barbara Squelch stated in her declaration that she attempted to examine plaintiff in her capacity as a registered nurse after the use of force incident on February 7, 2009. Dkt. # 36, ¶ 7. She observed plaintiff in his briefs and saw no visible injuries, which she noted in the Use of Force Report )Dkt. # 36, Exh. B), and plaintiff's Ambulatory Health Record. Dkt. # 36, Exh. A. Plaintiff was uncooperative and refused to answer questions, but told defendant Squelch that he was "psychologically distressed" and was "going to kill [him]self." *Id.,* ¶ 9; Exh. A. Defendant Squelch placed the plaintiff on a suicide watch and arranged for his transfer to the Mental Health Unit at Attica Correctional Facility. *Id.,* ¶ 10; Dkt. # 36, Exh. A.

Plaintiff returned to WCF on February 12, 2009 and again threatened to harm himself. Dkt. # 36, ¶ 12; Dkt. # 36, Exh. A. Defendant Squelch did not examine plaintiff at that time, but the evaluating nurse noted no visible injuries and plaintiff was again placed on a suicide watch and returned to the Mental Health Unit at Attica. *Id.,* ¶ 13.

When plaintiff returned to WCF on February 17, 2009, defendant Squelch evaluated him for the second and last time. Dkt. # 36, ¶ 15. Plaintiff complained of

back and shoulder pain and stated that he was supposed to have received pain medication but was never seen by a physician.  *Id.,* Exh. A.  Defendant Squelch noted that plaintiff was moving in his cell and showed no signs of injury or impaired mobility. *Id.,* ¶ 18.  Defendant Squelch then explained the sick-call policy to plaintiff and advised him how to be seen by a sick-call nurse the following morning.  *Id.,* ¶¶ 20-22.

Plaintiff was seen by a nurse other than defendant Squelch on February 18, 2009 complaining of cold symptoms and was given cough syrup.  Dkt. # 36, ¶ 26, Exh. A.  He was seen on February 19, 2009 by a nurse other than defendant Squelch complaining that he missed a doctor's appointment.  *Id.,* ¶ 27.  Plaintiff was seen on February 20, 2009 by a nurse other than defendant Squelch complaining that he needed refills for prescription medications. Dkt. # 36, ¶ 28, Exh. A.  On February 23, 2009, plaintiff was seen by a nurse other than defendant Squelch and complained of injuries resulting from the incident of February 7, 2009.  *Id.,* ¶ 29, Exh. A.  The Ambulatory Health Record indicates that plaintiff was to be evaluated to assess his need for an appointment with a physician.  *Id.,* Exh. A.  Subsequent x-rays in March 2009 of plaintiff's shoulder, lumbar spine, and thoracic spine and in April 2009 of plaintiff's left hand and left knee indicated no acute abnormalities. *Id.,* ¶¶ 31-32.

In opposition to the motion, plaintiff has submitted a declaration in which he states that he was moved to the SHU after a "verbal conflict" with another inmate. Dkt. # 41, ¶ 2.  When he arrived at the SHU, defendant Johnson told the other officers that plaintiff had been filing grievances against several officers.  *Id.*  Plaintiff was then

4

assaulted by defendants Anderson, Johnson, and Wilson "with sticks, punches, kicks, and choked." *Id.*  He denied that he was ordered to unclench his fist.  *Id.*

Plaintiff further stated that he complained to defendant Squelch about pain to his back, shoulder, leg, and hand and that she told him he was suicidal. Dkt. # 41, ¶ 2.  He stated that he received lacerations to his face and scalp and numerous bruises and abrasions to his arms, legs, torso, face, and head.  *Id.,* ¶ 8.  Plaintiff also stated that he was not fed for several days while in the Mental Health Unit at Attica.  *Id.,* ¶ 6.

## DISCUSSION

**Summary Judgment Standard**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged.  *See, e.g., Faulkner v. Arista Records LLC*, 797 F.Supp.2d 299, 311 n. 7 (S.D.N.Y. 2011).  Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists.  *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law …." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . .." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011).  In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions." *Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. Aug. 1, 2006), *aff'd*, 2008 WL 5083122 (2d Cir. 2008) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.

1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28, 1999) (citing cases).

Defendants contend that summary judgment should be granted dismissing the complaint as plaintiff has failed raise a genuine issue of material fact regarding the alleged excessive use of force or the deliberate indifference to his medical needs. Additionally, the defendants argue that they are entitled to qualified immunity.

**Excessive Force**

The Eighth Amendment to the U.S. Constitution provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. That rule, applicable to the states through the Fourteenth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976), is violated by the unnecessary and wanton infliction of pain and suffering. *See Whitley v. Albers,* 475 U.S. 312, 320 (1986). To determine whether prison officials have violated the Eighth Amendment by using excessive force, courts examine "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

To prove an excessive force claim, an inmate must satisfy both an objective test and a subjective test. *Hudson,* 503 U.S. at 7–8. The objective test requires the inmate to show that the force applied was "sufficiently serious" to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(additional citations omitted)). This showing is "context specific, turning upon 'contemporary standards of decency.'" *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999)). "[S]ome degree of injury is ordinarily required to state a claim" of excessive use of force in violation of the Eighth Amendment. *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). However, the core judicial inquiry is not the extent of the injury, if any, but whether the nature of the force used was nontrivial and applied maliciously and sadistically for the purpose of causing harm. *Wilkins v. Gaddy*, -- U.S.–, 130 S.Ct. 1175, 1179 (2010); see *Wright v. Goord*, 554 F.3d 255, 268–269 (2d Cir. 2009). A plaintiff "need not prove 'significant injury' to make out an excessive force claim," *Griffin,* 193 F.3d at 92, but "a *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citation omitted). *De minimis* force, even if clearly unpleasant to endure, does not violate the Eighth Amendment where "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. at 9–10 (internal quotation marks and citation omitted).

The subjective test for an Eighth Amendment excessive force claim requires the inmate to show that the prison officials "had a 'wanton' state of mind when

they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 7). When determining whether the subjective test has been satisfied, courts may consider: "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials' and 'any efforts made to temper the severity of a forceful response.' " *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321).

Where "a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically," summary judgment is improper "even where the plaintiff's evidence of injury [is] slight and the proof of excessive force [is] weak." *Wright,* 554 F.3d at 269. Here, plaintiff asserts that he was maliciously attacked because of his history of filing grievances against corrections officers. He denies that he had a clenched fist, that he disobeyed a direct order, or that he offered any resistance. Plaintiff's medical records indicate that he suffered no visible injuries as a result of the use of force, but he complained of pain upon his return to WCF ten days after the incident. Crediting plaintiff's version of events, however, as this court must in considering the defendants' motion for summary judgment, *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003), the use of force was unrelated to any effort to maintain order or discipline. *See Abascal v. Fleckenstein,* 2012 WL 638977, *6 (W.D.N.Y. February 27, 2012) (despite minor injury, summary judgment denied where plaintiff alleged that CO committed brief but unprovoked assault unrelated to any effort to maintain or restore discipline); *see also Griffin v. Crippen*, 193 F.3d at 90–92

(although plaintiff could offer only his own testimony and evidence of a bruised shin and a swollen left knee in support of his excessive force claim, dismissal was inappropriate because there were genuine issues of material fact concerning whether correction officers, whom plaintiff admittedly assaulted, maliciously used force against him after he was subdued and handcuffed); *Jordan v. Fischer,* 773 F.Supp.2d 255, 272 (N.D.N.Y. 2011) (although plaintiff suffered only minor injury, summary judgment denied where excessive force claims turned on issues of credibility). Accordingly, the defendants' motion for summary judgment dismissing the excessive force claim is denied.[2]

**Deliberate Indifference**

"The Eighth Amendment's prohibition against cruel and unusual punishment has been construed to include the denial of adequate medical care for an inmate's serious medical needs." *Woods v. Goord*, 2002 WL 31296325, *2 (S.D.N.Y. October 10, 2002); *see also Farmer v. Brennan*, 511 U.S. at 832; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106; *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

---

[2] Like Judge Skretny in *Abascal,* the court here "expresses no view on the underlying merits of this excessive force claim, but notes only that, if successful, 'the relatively modest nature of [plaintiff's] alleged injuries will no doubt limit the damages he may recover.'" *Id. (quoting Wilkins v. Gaddy,* 130 S.Ct. at 1180).

Under 42 U.S.C. § 1983, every claim for deliberate indifference to a serious medical need must pass a two-pronged test consisting of objective and subjective elements. First, the court must determine whether, objectively speaking, plaintiff's condition is such that the alleged deprivation of medical assistance is "sufficiently serious." *Woods*, 2002 WL 31296325, at *3 (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66–67 (2d Cir.1994)); *see also Wilson v. Seiter*, 501 U.S. at 298. Second, the court must consider whether the official "'knew that an inmate faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it.'" *Woods*, 2002 WL 31296325 at *3 (internal cites and alterations omitted); *Harrison v. Barkley*, 219 F.3d at 137.

A serious medical need is one with some urgency or one which, if ignored, may produce death, degeneration or extreme pain. *Hathaway,* 37 F.3d at 66. As the Second Circuit held in *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003), there is no precise metric to guide the court in its estimation of the seriousness of a prisoner's medical condition. Any inquiry into the objective component of an Eighth Amendment claim must be tailored to the specific facts of each case. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003). In *Chance v. Armstrong*, the court set forth a non-exhaustive list of factors to be considered when determining whether a given medical condition is serious, including: (1) whether a reasonable doctor or patient would perceive the medical need in question as "important and worthy of comment or treatment;" (2) whether the medical condition significantly affects daily activities; and (3) "the existence of chronic and substantial pain." 143 F.3d 698, 702 (2d Cir. 1998).

Having reviewed the relevant case law, the court concludes that plaintiff's injuries as a result of the use of force incident, which were not visible but may have included some pain, were not "serious" for purposes of the Eighth Amendment. *See Jordan v. Fischer,* 773 F.Supp.2d 255, 277 (N.D.N.Y. 2011) (superficial red marks after alleged beating not sufficiently serious injury to meet objective prong of test); *Tafari v. McCarthy,* 714 F.Supp.2d 317, 354 (N.D.N.Y. 2010) (bruises and superficial lacerations from an assault did not constitute a serious medical condition). Additionally, even assuming that plaintiff's pain constituted a serious medical need, there is no evidence of defendants' deliberate indifference to that medical need. "A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." *Sonds v. St. Barnabas Hosp. Corr. Health Serv.,* 151 F.Supp.2d 303, 311 (S.D.N.Y. 2001); *see also Chance,* 143 F.3d 698 at 703 ; *McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y.1988) ( "[T]here is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards."). Additionally, "[m]ere delay in the rendering of medical treatment in and of itself does not rise to the level of a constitutional violation." *Smith v. Montefiore Med. Ctr.-Health Serv. Div.*, 22 F.Supp.2d 275, 280 (S.D.N.Y. 1998). "Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred." *Sonds,* 151 F.Supp.2d at 311; *see also Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). "As long as the medical care is adequate, there is no Eighth Amendment violation." *Sonds*, 151 F.Supp.2d at 311; *see also Wandell v. Koenigsmann*, 2000 WL 1036030, *3 (S.D.N.Y. July 27, 2000) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

In this case, plaintiff does not specify what was lacking about the medical care he received at WCF.  He was evaluated by the medical staff at WCF following the use of force incident.  Although plaintiff states that he complained of pain, defendant Squelch noted no visible injuries at the time.  As plaintiff expressed an intention to harm himself, he was transferred to the Mental Health Unit at Attica Correctional Facility.  Plaintiff was then seen by the medical staff at WCF for complaints other than pain and was prescribed medications for various conditions.  When plaintiff complained of pain upon his return to WCF on February 23, 2009, it was noted that he would be evaluated to assess the need for an appointment with a doctor.  Subsequent x-rays, taken in the two months following the use of force incident, indicated no abnormalities of plaintiff's shoulder, spine, knee or hand.  Even granting plaintiff the benefit of every favorable inference, it cannot be said that his medical care was inadequate or evinces deliberate indifference on the part of the defendants.  Based on the foregoing, no reasonable jury could find that the defendants acted with deliberate indifference to plaintiff's medical needs in violation of his rights under the Eighth Amendment.  Accordingly, the deliberate indifference claim is dismissed and the action is dismissed as to defendant Squelch as plaintiff has alleged no personal involvement by her in the alleged use of excessive force.

**Qualified Immunity**

Finally, the defendants argue that they are entitled to qualified immunity. "The doctrine of qualified immunity shields public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The right of prison inmates to be free from the use of excessive force was clearly established in February of 2009. *Russo v. City of Bridgeport*, 479 F.3d 196, 212 (2d Cir. 2007). Viewing the evidence in the light most favorable to the plaintiff, he has raised a genuine issue of material fact regarding the use of excessive force in violation of the Eighth Amendment. Accordingly, defendants Anderson, Johnson, and Wilson are not entitled to qualified immunity on the excessive force claim.

## CONCLUSION

The defendant's motion for summary judgment (Dkt. # 20), is granted in part and denied in part. Plaintiff's Eighth Amendment claim for the deliberate indifference to his medical needs is dismissed, as is the entire suit as to defendant Squelch. The motion is denied as to plaintiff's claim of excessive force.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**August 10, 2012**

        **s/ H. Kenneth Schroeder, Jr.**
        **H. KENNETH SCHROEDER, JR.**
        **United States Magistrate Judge**