UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMAHL CLARKE,

       Plaintiff,

    -vs-              10-CV-319S

OFFICER ANDERSON,
SGT. JOHNSON, and
ARTHUR WILSON,
       Defendants.

## ORDER

    Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #22.

    By Decision and Order entered August 10, 2012, the Court denied defendants' motion for summary judgment in so far as it sought dismissal of plaintiff's claim of excessive force in violation of 42 U.S.C. § 1983.  Dkt. #43.  By Text Order issued the same day, the Court scheduled a settlement conference for October 23, 2012.  Dkt. #44.  The orders were returned to the Court with a notation indicating that the United States Post Office was unable to forward.  Not surprisingly, plaintiff failed to appear for the settlement conference.  Plaintiff's last contact with the Court was the filing of a declaration in opposition to the motion for summary judgment on October 24, 2011.  Dkt. #41.  Plaintiff had provided the Court with the address to which the orders were mailed on September 29, 2011.

By Order entered November 16, 2012, plaintiff was directed to show cause why this case should not be dismissed for failure to prosecute and advised that his failure to comply with the Order would result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b).  The Court has not received any response from plaintiff.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted).  As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  *See Lewis v.*

*Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Plaintiff has had no communication with the Court since October 24, 2011, when he filed a declaration in opposition to defendants' motion for summary judgment. Dkt. #41. Plaintiff was aware of his responsibility to keep the Court informed of his current address, as set forth in both the Court's Case Management Order (Dkt. #21), and the Court's Pro Se Litigation Guidelines which were mailed to plaintiff and advise that

> If a plaintiff fails to prosecute the case diligently, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure. If a plaintiff fails to notify the Clerk's Office of a change of address and, therefore, does not receive notice of an action or order in his or her case, the case may be dismissed for failure of the plaintiff to give the Court a current address. Rule 5.2(d) of the Local Rules of Civil Procedure.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them. Finally, the Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. To permit plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

**CONCLUSION**

Based on the foregoing, this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).


**SO ORDERED.**


**DATED:**     **Buffalo, New York**
               **December 26 , 2012**


                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**